# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC., a Utah corporation,<br><br>    *Plaintiff*,<br>v.<br><br>NORTHSTAR ALARM SERVICES, LLC, a Utah limited liability company,<br><br>    *Defendant*. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO AMEND ANSWER TO ASSERT COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**<br><br>Case No. 2:16-cv-00106-JNP-EJF<br><br>District Judge Jill N. Parrish |

## I.   BACKGROUND

On November 20, 2015, Plaintiff Vivint, Inc. filed a complaint against Defendant NorthStar Alarm Services, LLC. Vivint alleged that NorthStar engaged in deceptive trade practices. NorthStar answered the complaint and did not assert any counterclaims in its answer. Shortly after NorthStar answered, Vivint amended its complaint. NorthStar did not assert any counterclaims in its answer to the amended complaint.

Vivint's amended complaint contains six causes of action. Vivnt's first cause of action seeks a declaratory judgment. NorthStar allegedly merged with another company, Vision Security, LLC. And Vivint claims that NorthStar is bound by a settlement agreement that Vision Security entered into with Vivint. According to Vivint, the settlement agreement requires that the parties submit to binding arbitration. Vivint's remaining causes of action, which include claims under the Utah Deceptive Trade Practices Act and the Lanham Act, are based on allegations that NorthStar employees made false statements about Vivint.

On April 1, 2016, Magistrate Judge Evelyn J. Furse entered a scheduling order (the "Scheduling Order"). It provides, in relevant part, "The cutoff date for filing amended pleadings: August 1, 2016. All other requests to amend pleadings must be made pursuant to Fed. R. Civ. P. 15." The Scheduling Order set December 20, 2016, as the last day to serve written discovery, but this deadline was later extended to October 20, 2017.

On September 20, 2017, one month before the close of fact discovery, NorthStar filed a motion for leave to amend its answer. NorthStar seeks to add three affirmative defenses: (1) accord and satisfaction, (2) release, and (3) payment. These defenses relate to a purported dispute resolution agreement that NorthStar entered into with Vivint. NorthStar claims that it recently learned additional information about this agreement when it deposed two Vivint employees. NorthStar also seeks to assert six counterclaims against Vivint. Five of the counterclaims are based on allegations that Vivint targeted NorthStar customers with deceptive and misleading sales practices. The sixth counterclaim alleges abuse of process against Vivint based on its alleged improper use of information it learned during this lawsuit. Vivint opposes NorthStar's motion as untimely, unduly prejudicial, and futile.

This matter was referred to Judge Furse under 28 U.S.C. § 636(b)(1)(A). She issued a Report and Recommendation on February 5, 2018. In it, she recommends that the court deny NorthStar's motion on two grounds. *First*, she recommends that the court deny leave to amend on the grounds that the cutoff date for filing amended pleadings has passed and NorthStar has not shown good cause to modify the cutoff date. *Second*, assuming that NorthStar has shown good cause to modify the cutoff date, she nevertheless recommends that the court deny leave to amend on the grounds that the proposed amendment is untimely and will unduly prejudice Vivint. NorthStar objects to the Report and Recommendation.

## II. DISCUSSION

NorthStar raises three arguments in its objection. *First*, it contends that it does not seek to modify the cutoff date for filing amended pleadings and thus it need not show good cause under Rule 16(b)(4). *Second*, assuming that it is required to show good cause, NorthStar contends that it has done so. *Third*, irrespective of whether it is required to show good cause, NorthStar argues that the court should grant leave to amend under Rule 15(a)(2) because the proposed amendment is timely and will not unduly prejudice Vivint.

### A. STANDARD OF REVIEW

Under § 636(b)(1)(A), a district judge "may designate a magistrate judge to hear and determine any pretrial matters pending before the court," except for eight enumerated motions that are considered to be "dispositive" of a party's claims. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir. 1988). In short, § 636(b)(1)(A) allows a district judge to refer non-dispositive matters to a magistrate judge who then rules on them. Under Rule 72(a), when a party objects to a magistrate's ruling on non-dispositive matters (*i.e.*, those referred under § 636(b)(1)(A)), the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

Under § 636(b)(1)(B), a district judge may designate a magistrate judge to conduct hearings and submit "proposed findings of fact and recommendations" for the disposition of the eight motions that are excepted from § 636(b)(1)(A). In short, § 636(b)(1)(B) allows a district judge to refer "dispositive" matters to a magistrate judge who then issues a report and recommendation to the district judge. If a district judge refers dispositive matters (*i.e.*, those referred under § 636(b)(1)(B)) to a magistrate judge for a report and recommendation, the district

court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

"Notwithstanding Rule 72's clear division between dispositive and non-dispositive matters," motions that are not designated on their face as one of the eight enumerated dispositive motions "are nevertheless to be treated as such when they have an identical effect." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015); *see also Ocelot*, 847 F.2d at 1462 ("[M]otions not designated on their face as one of those excepted in subsection (A) are nevertheless to be treated as such a motion when they have identical effect."). Consequently, a district judge must review *de novo* a magistrate-judge order that has an effect that is identical to that of a dispositive order. *See id.* (magistrate judge's sanctions order that struck pleadings with prejudice as to one defendant was dispositive because the order "has the effect of dismissing [the plaintiff's] action, contrary to [its] wishes, and operates as *res judicata*"); *Birch*, 812 F.3d at 1246.

Here, the court must review *de novo* the Report and Recommendation. The magistrate judge's decision to issue the Report and Recommendation in conjunction with NorthStar's objection to it forecloses the court's ability to conduct anything but a *de novo* review. The court referred NorthStar's motion for leave to amend to the magistrate judge under § 636(b)(1)(A) because the motion was not one of the eight enumerated "dispositive" motions. But instead of "hear[ing] and determin[ing]" the matter, the magistrate judge issued a report and recommendation. Issuing a report and recommendation, as opposed to an order, is arguably consistent with the requirement that "motions not designated on their fact as [dispositive] are

4

nevertheless to be treated as such . . . when they have identical effect." *Birch*, 812 F.3d at 1246 (quoting *Ocelot*, 847 F.2d at 1462); *Ocelot*, 847 F.2d at 1462 (holding that it is "beyond the power of a magistrate" to issue "dispositive" orders).[1] And NorthStar filed an objection to the Report and Recommendation, necessitating *de novo* review. *See Continental Cas.*, 150 F.3d at 251 ("[T]he magistrate judge's recommendation only becomes effective when the district court accepts it."); Fed. R. Civ. P. 72(b)(3). Accordingly, the court reviews *de novo* the Report and Recommendation.

### B. MODIFICATION OF THE SCHEDULING ORDER

The court must determine the meaning of two sentences in the Scheduling Order. The first: "The cutoff date for filing amended pleadings: August 1, 2016." The second: "All other requests to amend pleadings must be made pursuant to Fed. R. Civ. P. 15." Under Rule 16(b)(4), a "schedule may be modified for good cause and with the judge's consent." NorthStar contends that it need not show good cause to modify the cutoff date for filing amended pleadings because

---

[1] The Tenth Circuit declined to decide whether a magistrate judge's order denying leave to amend is dispositive. *Birch*, 812 F.3d at 1247 ("We need not decide whether the magistrate judge's order [denying leave to amend the complaint] was dispositive for Rule 72 purposes."). But a number of judges in the circuit have held that a district judge should review *de novo* a magistrate judge's ruling on a motion to amend. *Uintah Cty. v. Jewell*, No. 2:10-cv-00970-DB, 2016 WL 4256945, *2–3 (D. Utah Aug. 11, 2016); *Chavez v. Hatterman*, No. 06-cv-02525-WYD, 2009 WL 82496, *1 (D. Colo. 2009); *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228–29 (D. Kan. 2002); *but see Hall v. Norfolk S. R.R. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) ("The magistrate judge's statute, § 636(b)(1)(A), lists dispositive motions on which a magistrate judge may not issue a final ruling without *de novo* review by the district judge; motions to amend pleadings are not included. . . . The magistrate judge's denial of [the plaintiff's] motion to amend his complaint did not terminate his existing lawsuit . . . ."); *Continental Cas. Co. v. Dominick D' Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993) ("Under ordinary circumstances a motion to amend a complaint is 'a pretrial matter not dispositive of a claim or defense of a party' within the purview of Fed. R. Civ. P. 72(a)."); *Sprint Comm'n Co. v. Vonage Holdings*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) ("[I]t is generally accepted that a magistrate judge's order [denying a motion to amend pleadings] is regarded as nondispositive . . . .").

it sought leave to amend under Rule 15(a)(2), as directed by the second sentence. The court disagrees.

   a. *Interpretation of the Scheduling Order*

The language of the Scheduling Order is odd. It sets August 1, 2016, as the "cutoff date for filing amended pleadings." But it then provides that "[a]ll other requests to amend pleadings must be made pursuant to Fed. R. Civ. P. 15." Curiously, the first sentence says nothing about requests to amend pleadings—it sets a cutoff date for "filing" amended pleadings. So it is unclear what the second sentence means by "[a]ll other requests to amend pleadings."[2] Indeed, nothing in the Scheduling Order sets a cutoff date for requesting leave to amend a pleading.

The second sentence is also odd because all requests to amend pleadings must be made "pursuant to Fed. R. Civ. P. 15." Even if the Scheduling Order set a cutoff date for requesting leave to amend, all requests (whether made before or after the cutoff date) would need to be made "pursuant to Fed. R. Civ. P. 15." *See* Fed. R. Civ. P. 15(a)(2). Consequently, the court views the second sentence as meaningless: it is unclear what it means by "[a]ll other requests," and even if it were clear, the second sentence merely states the obvious (*i.e.*, "[a]ll other request to amend pleadings," whatever that means, would need to be made "pursuant to Fed. R. Civ. P. 15").

---

[2] The strange wording may be based on the fact that the parties appear to have modified the United States District Court for the District of Utah's proposed scheduling order. It provides, in relevant part, "Last Day to File Motion to Amend Pleadings: 00/00/00." http://www.utd.uscourts.gov/usdc-forms. If this were the first sentence, then the phrase "[a]ll other requests to amend pleadings" would mean requests made after the last day to file a motion for leave to amend. Curiously, the proposed scheduling order does not actually set a deadline for filing amended pleadings—it sets a deadline to file a motion for leave to amend. Thus, it appears that a party could, under the plain language of the proposed order, amend its pleadings with the other party's consent at any time. *See* Fed. R. Civ. P. 15(a)(2).

Irrespective of what the second sentence means, the first is unambiguous: the cutoff date for filing amended pleadings is August 1, 2016. There are no restrictions on when a party may move for leave to amend. So, under the plain language of the Scheduling Order, a party may move for leave to amend after the cutoff date for filing amended pleadings. But if the court then grants leave to amend after the cutoff date for filing amended pleadings, it must also modify the Scheduling Order. The court must modify the cutoff date for filing amended pleadings so that the party moving for leave to amend may then file its amended pleading in compliance with the Scheduling Order. *See* D.U. Civ. R. 15-1 ("A party who has been granted leave to file [an amended pleading] *must subsequently file* the amended [pleading] with the court." (emphasis added)). If the court grants leave to amend but does not simultaneously modify the cutoff date, the subsequently filed amendment would be ineffective because it would be filed after the cutoff date for filing amended pleadings. In short, the court must modify the Scheduling Order to allow a party to file an amended pleading after the cutoff date for filing amended pleadings.

Accordingly, NorthStar must show good cause to modify the cutoff date for filing amended pleadings because it seeks leave to file an amended answer after the cutoff date. NorthStar is correct that it moved for leave to amend "pursuant to Fed. R. Civ. P. 15." But that does not change the fact that cutoff date for filing amended pleadings has come and gone. If the court grants leave to amend, it must also simultaneously modify the cutoff date for filing amended pleadings. If the court does not simultaneously modify the cutoff date for filing amended pleadings, any amended pleading that NorthStar files would be ineffective. In short, NorthStar must show good cause to modify the cutoff date for filing amended pleadings. *See Gorsuch Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)

("After a scheduling order deadline, a party seeking leave to amend must demonstrate . . . good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) . . . .").[3]

   b. *Good Cause Under Rule 16(b)(4)*

NorthStar contends that there is good cause to modify the Scheduling Order because it discovered information relevant to its requested amendments after the cutoff date for filing amended pleadings. The court is not persuaded. The court agrees with the Report and Recommendation's "good cause" analysis and therefore adopts it. Consequently, the court denies NorthStar's motion on the grounds that it has not shown good cause to modify the cutoff date for filing amended pleadings.

   C. **LEAVE TO AMEND UNDER RULE 15(a)(2)**

Even assuming that Rule 16(b)(4) does not apply or that NorthStar has shown good cause to amend the Scheduling Order, NorthStar's proposed amendment is untimely and will unduly prejudice Vivint. The court agrees with the Report and Recommendation's analysis as it relates to Rule 15(a)(2) and therefore adopts it. Consequently, the court would, if required to do so, deny leave to amend on the grounds that NorthStar's proposed amendment is untimely and will unduly prejudice Vivint.

### III.   CONCLUSION AND ORDER

For the reasons set forth above, the court ADOPTS IN PART the Report and Recommendation (ECF No. 142). NorthStar's Motion for Leave to Amend Answer to Assert Counterclaims and Additional Affirmative Defenses (ECF No. 113) is DENIED.

---

[3] The court declines to adopt the Report and Recommendation's analysis as it relates to the question of whether Rule 16(b)(4) applies to NorthStar's motion. *See* ECF No. 142 at 5–6. The Court does, however, agree with the Report and Recommendation's conclusion: Rule 16(b)(4) applies.

Signed March 23, 2018

                                BY THE COURT

                                _____
                                Jill N. Parrish
                                United States District Court Judge